OPINION OF THE COURT
William R Geiler, J.
In what appears to be a case of first impression under the New York Equitable Distribution Law (L 1980, ch 281), defendant moves for an order awarding her an interim sum to retain the services of an economist who would, inter alla, attempt to evaluate the economic loss to her of not pursuing a career, but, instead, becoming a housewife and mother. The court denies this branch of defendant’s motion.
In this marriage of approximately seven years’ duration, it appears that one month after the marriage of the parties, plaintiff commenced his education with a view toward becoming a chiropractor. During the period of time that plaintiff needed to complete his education and internship, defendant worked, for the most part, full time and raised the parties’ two children. It is alleged that almost immediately after plaintiff commenced his chiropractic practice in Hauppauge, New York, he abandoned defendant and the two infant issue, giving rise to this matrimonial litigation.
Marriage is more than an economic undertaking. The parties agree upon the manner in which they will provide *95 financial support and nonfinancial services to each other, and they do not place values on their respective contributions, nor do they expect to pay each other for those contributions. Every unsuccessful marriage results in the disappointment of expectations, financial as well as nonfinancial, but it does not result in a financial loss in the commercial sense. The wife, by agreeing to work and raise the children while the husband attended school and did his internship, simply followed a plan agreed upon for the joint benefit of both spouses. Should the plan fail by reason of the termination of the marriage, the supporting spouse’s consequent loss of expectations or career opportunity, by itself, is no more than compensable or demanding of solicitude than the loss of expectations of any other spouse who, in the hope and anticipation of the endurance of the relationship and its commitments, has invested a portion of his or her life, youth, energy and labor in a failed marriage (see Lesman v Lesman, 88 AD2d 153; Connor v Connor, NYLJ, Aug. 31, 1982, p 11, col 5 [Geiler, J.]). Furthermore, to ascertain the value of giving up one mode of living for another is far too speculative for the court to perceive.